COURT OF APPEALS OF VIRGINIA

Present:   Judges Ortiz, Friedman and White
Argued at Christiansburg, Virginia


BRADLEY A. HEDRICK

MEMORANDUM OPINION[*] BY
v.          Record No. 1014-23-3          JUDGE FRANK K. FRIEDMAN
JULY 16, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Onzlee Ware, Judge

J. Thomas Love, Jr. (Office of the Public Defender, on brief), for
appellant.

Sheri H. Kelly, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The Circuit Court of the City of Roanoke, sitting without a jury, convicted Bradley Hedrick

of trespass.  The trial court sentenced Hedrick to 12 months' incarceration, to be suspended after

Hedrick "ha[d] serve[d] [45] days."  On appeal, Hedrick challenges the sufficiency of the evidence

to support his conviction and argues that he had a bona fide claim of right to be on the property.

Finding no error, we affirm the judgment of the trial court.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

The Maple Grove Apartments, located in the City of Roanoke, consist of 40 units over multiple buildings, each marked with "no trespassing" signs. One building—1125 Pilot Street NW—contains four apartments, three of which were vacant in November 2022, following repeated break-ins.

On November 21, 2022, Roanoke Police Officer Harris arrived at the Maple Grove Apartments and discovered Hedrick and five other people inside one of the vacant units. Harris noticed that the six people in the apartment possessed various belongings, including backpacks and sleeping bags. Apart from a mattress and several chairs, the apartment was unfurnished. Moreover, the unit lacked electricity and running water. After speaking with property manager Angela Lamprinakos, Harris ordered each of the occupants to leave and wrote them each a criminal summons for trespass.

At trial, Lamprinakos testified that she did not recall ever meeting Hedrick and that he had never been a tenant. Although she agreed that she had never formally barred Hedrick from the property, she confirmed that he was not permitted to be there. Lamprinakos also explained that the properties are marked with "no trespassing" signs, with each individual building having its own sign.

Hedrick testified in his own defense, claiming that he came to the apartment at his friend's invitation and had to knock to gain entry. According to Hedrick, he "didn't really question" whether his friend was the owner and "figured they just asked [him] over for an hour or two and

---

[1] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

that's it." He claimed that he "pa[id] no mind" to the lack of furniture given "the way how people had been living there." Hedrick told the court that he did not notice the lack of electricity because he had arrived in the daytime and had "been into multiple places before where the lights [were]n't on," and would "pay[] it no mind." He also claimed that Harris arrived so soon after him that he had yet to notice the lack of running water. Ultimately, Hedrick claimed that he was invited to the property.

Prior to ruling, the trial court emphasized Lamprinakos's testimony that each building was marked with a no trespassing sign. In addition, the court questioned Hedrick's failure to notice the condition of the property, finding that it would have been cold without heating and that the lack of furniture was an indication that the people inside were unhoused. The trial court took no issue with Hedrick's invitation, stating that "nothing's wrong with" his "kn[owing] the people on the inside," but noted that once the door was open, "you . . . know they're homeless because all you see is a mattress." Ultimately, the trial court rejected Hedrick's explanation and convicted him of trespass. The trial court sentenced Hedrick to 12 months in jail, to be suspended after he served a 45-day sentence.

After trial, Hedrick filed a written motion to set aside the verdict and argued that the trial court "should not have convicted [him] because he had a bona fide claim of right to be on the property." Hedrick asserted that he "believed that he was permitted to visit the people" inside the apartment because he had received a phone-call inviting him to the property and had to knock to gain entry. The trial court rejected Hedrick's argument and denied his motion. Hedrick appeals.

ANALYSIS

Hedrick argues that the trial court improperly rejected his theory of defense. Relying on our decision in *Reed v. Commonwealth*, 6 Va. App. 65 (1988), Hedrick asserts that the evidence was

insufficient to support his trespass conviction under Code § 18.2-119 because he "was present at the property under a bona fide claim of right."

Code § 18.2-119 states in relevant part:

> If any person without authority of law goes upon or remains upon the . . . buildings or premises of another . . . after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian, or the agent of any such person . . . he shall be guilty of a [c]lass 1 misdemeanor.

Although not expressly stated, Code § 18.2-119 "has been uniformly construed to require a *willful* trespass." *Reed*, 6 Va. App. at 70 (emphasis added) (holding that the defendant was on the property under a bona fide claim of right and therefore lacked the criminal intent necessary for criminal trespass); *see also Commonwealth v. Hicks*, 267 Va. 573, 583 (2004) ("Code § 18.2-119 . . . has an intent requirement [and] the Commonwealth [i]s required to prove that [the defendant] committed an act of intentional trespass."). A person is therefore not guilty of criminal trespass when he shows he went or remained on the property "under a bona fide claim of right"—that is, "a sincere, although perhaps mistaken, good faith belief that [he] has some legal right to be on the property." *Reed*, 6 Va. App. at 71.

A "claim of right is an affirmative defense." *Id.* at 70. A defendant relying on an affirmative defense has the burden "to present evidence establishing such defense to the satisfaction of the fact finder." *Riley v. Commonwealth*, 277 Va. 467, 479 (2009). "Whether an accused proves circumstances sufficient to create a reasonable doubt" by means of an affirmative defense is a "question of fact" that "will not be disturbed on appeal unless plainly wrong or without evidence to support [it]." *Smith v. Commonwealth*, 17 Va. App. 68, 71 (1993). "[T]here is no uniform rule in Virginia regarding the burden of persuasion for affirmative defenses." *Foley v. Commonwealth*, 63 Va. App. 186, 201 (2014).

In support of his argument, Hedrick points to his testimony that he was invited and that he had to knock on the door to obtain entry. He stresses that the Commonwealth did not impeach his testimony or establish that anyone had previously barred him from the property. Hedrick further argues that the short duration of his stay explains his failure to recognize the apartment's lack of utilities. Accordingly, Hedrick argues, he "did not know" that his friend "was not able to extend" him a legitimate invitation.

Because Hedrick's affirmative defense was predicated on his assertion that he had a bona fide claim of right to be present at the property, the burden was on him to present evidence sufficient to establish his belief to the satisfaction of the trial court. Hedrick did not provide the name of the person who invited him, nor did he produce the person as a witness to establish his affirmative defense. Here, the trial court heard Hedrick's explanation, and found that he did not have a "sincere, although perhaps mistaken, good faith belief" that he was allowed on the property. *Reed*, 6 Va. App. at 71. Before announcing its verdict, the trial court noted the property's dilapidated condition and the lack of evidence that the property was lawfully occupied. Further, there was an utter lack of corroboration for Hedrick's purported bona fide claim of right. Accordingly, the trial court found that Hedrick had not met his burden to present sufficient evidence supporting his affirmative defense and the court was not plainly wrong in doing so.

CONCLUSION

For the foregoing reasons, we find that the trial court did not err when it rejected Hedrick's affirmative defense. Accordingly, we affirm Hedrick's conviction for trespass.

*Affirmed*.